ROY ZINN v. THE STATE.

No. 4266. Decided June 19, 1909.

**Local Option—Other Offenses—No System.**

Where upon trial of a violation of the local option law the court admitted in evidence testimony with reference to another distinct and independent offense as to another sale, the question of system not being involved, there was reversible error.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and sixty days imprisonment in the county jail.

Bill of exceptions No. 1 complains the court, over appellant's objection, permitted State's witness, Fred Fauth, to testify that he bought two pints of whisky from George Whitford in appellant's place of business, January 1, 1909. Appellant objected because said testimony was immaterial and irrelevant in this: that said testimony did not tend to establish the offense for which appellant was being tried, nor connect the appellant with the sale of the whisky by Whitford to Brooks, and was offered for the purpose to create prejudice in the minds of the jury against defendant. This bill shows that the sale, if it was a sale, testified to by the witness was at another

and different time from that relied on in the prosecution in this case, and, therefore, the testimony was inadmissible. Same may be said of bill of exceptions No. 2. There was no system relied upon in this case for a conviction, and, therefore, the testimony was inadmissible.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*